UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA,<br><br>        Plaintiff,<br><br>    v.<br><br>C. DAVIS, et al,<br><br>        Defendants. | No.  2:14-cv-1121 JAM CKD P<br><br><br>ORDER |

      Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights pursuant to 42 U.S.C. § 1983.  On November 24, 2014, plaintiff filed a motion for injunctive relief.  The motion will be denied without prejudice for several reasons, including the fact that the court cannot decipher the extremely lengthy and confusing filing.  Furthermore, no defendant has appeared in this action so the court, generally speaking, does not have jurisdiction to enter injunctive relief.

      If plaintiff wishes to seek preliminary injunctive relief in the future, he must take care to make his motion as brief as possible, he must write clearly, he must seek relief the court can actually grant, he must be clear about the sort of relief requested, and he should only seek relief

/////

/////

/////

1

against a defendant who has appeared in this action with the relief being related to one of the claims remaining in this action.[1]

For informational purposes, plaintiff is informed that the law concerning preliminary injunctive relief is generally as follows:

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In accordance with the above, IT IS HEREBY ORDERED that the motion filed by plaintiff on November 24, 2014 (ECF No. 35) is denied without prejudice.

Dated:  December 5, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lena1121.pi

---

[1] If a person at plaintiff's place of incarceration prevents plaintiff from prosecuting this action in some way, plaintiff may seek relief from the court by informing the court how he is being obstructed and by whom.