UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA, | No. 2:14-cv-1121 JAM CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| C. DAVIS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

      Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. He is proceeding with claims arising under the First Amendment against defendants Davis, Wilson and Foulk (defendants) for denial of access to courts. Defendants have filed a motion to dismiss for, in part, failure to state a claim upon which relief can be granted.

      In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

1

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his complaint, plaintiff alleges defendants denied him access to court by denying him copies of a complaint he wanted to file and refusing to mail the complaint to court for him. According to plaintiff, the complaint he wished to file concerned the confiscation of exhibits pertaining to his criminal trial and appeal.  Plaintiff wished to name former San Quentin Warden Kevin Chappell and Correctional Officer Osquerra as defendants in that action.

Defendants move for dismissal on the ground that plaintiff actually filed the complaint described above on May 30, 2014 in the United States District Court for the Northern District of California shortly after this action was filed on March 31, 2014.  A review of the docket for Northern District case number 3:14-cv-2498 JD does in fact reveal that the complaint filed in that action is the complaint plaintiff alleges defendants did not allow him to file.[1]  The complaint was dismissed for failure to state a claim upon which relief can be granted on December 2, 2014.[2] That decision is currently being appealed.[3]

In light of the review of the docket for Northern District case number 3:14-cv-2498 JD, and relevant documents filed in that case, it is clear that plaintiff was not denied access to courts in the manner he suggests in his complaint filed in this action.  Because plaintiff has suffered no actionable injury, defendants' motion to dismiss should be granted.

/////

---

[1] The court judicially notices this fact pursuant to rule 201(b)(2) of the Federal Rules of Evidence as it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

[2] See note 1.

[3] See note 1.

2

Plaintiff takes issue with the fact that defendants refused to allow plaintiff to submit his 53 exhibits with the amended complaint filed in 3:14-cv-2498 JD.  Assuming this is true, this does not amount to claim upon which relief can be granted as a plaintiff is not required to attach any exhibits to a complaint filed in a § 1983 action and plaintiff fails to point to anything indicating his complaint would not have been dismissed had he submitted exhibits.

Plaintiff asserts that defendants' motion to dismiss is not timely, and therefore defendants are in default.  Because defendants' waived service of a summons in this case, their response to plaintiff's complaint was due 60 days after December 12, 2014.  See ECF No.46.  Defendants' motion to dismiss was filed on February 10, 2015, the 60th day following December 12, 2014. Therefore, defendants' motion to dismiss is timely and they are not in default.

In his opposition, plaintiff requests leave to file an amended complaint.  However, plaintiff fails to identify any additional facts which could save plaintiff's claims.  Since granting plaintiff leave to amend would be futile, plaintiff's motion will be denied.  Mirmehdi v. U.S., 689 F.3d 975, 985 (9th Cir. 2012).

In their motion to dismiss, defendants also argue that plaintiff failed to exhaust administrative remedies with respect to his claims, that his claims are frivolous, and that the complaint violates rule 8 of the Federal Rules of Civil Procedure because the complaint does not amount to a "short and plain statement . . . showing that [plaintiff] is entitled to relief."  In light of the foregoing, the court need not address these arguments.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion for leave to file an amended complaint is denied.

/////
/////
/////
/////
/////
/////
/////

IT IS HEREBY RECOMMENDED that:

1. Defendants' February 10, 2015 motion to dismiss (ECF No. 50) be granted;

2. Plaintiff's remaining claims for denial of access to courts against defendants Davis, Wilson and Foulk be dismissed with prejudice for failure to state a claim upon which relief can be granted; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 19, 2015

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
lena1121.57

4